# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE BABY BURNELL,<br><br>    Plaintiff,<br><br>    v.<br><br>FERNANDEZ GONZALEZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv–00049-LJO-BAM PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 28, 30, 31, 32, 33)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Joe Baby Burnell, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed December 10, 2009, against Defendants Rodriguez, Olmus, Moreno, Martinez, and Razo for violations of the Eighth Amendment. (ECF Nos. 3, 14.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 4, 2011, findings and recommendations issued recommending Defendants' motion for summary judgment be granted in part and denied in part. (ECF No. 33.) The parties were given thirty days within which to file objections and Defendants filed an objection to the findings and recommendations on September 7, 2012. (ECF No. 34.)

Defendants object to the findings and recommendations arguing that there is no evidence to support Plaintiff's claim that Defendant Martinez was deliberately indifferent to his medical needs. However, Plaintiff has submitted his declaration stating that Defendant Martinez arrived to do a medical examination and he informed her that he had not been decontaminated. Plaintiff alleges that

he was in physical distress and Defendant Martinez ignored his requests for decontamination. Plaintiff's declaration is sufficient evidence to raise a triable issue of material fact.

Defendants raise a new argument that Defendant Martinez is a correctional officer and it was a nurse that examined Plaintiff. Defendants assert that Plaintiff was examined by Nurse Borromeo, not by Defendant Martinez. Defendants are required to raise arguments in their moving papers so that Plaintiff has an opportunity to be heard. Therefore, the Court declines to exercise its discretion to consider Defendants' arguments asserted for the first time in the objection to the findings and recommendations. Espinosa -Matthews v. California, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005); United States v. Howell, 231 F.3d 615, 621-622 (9th Cir. 2000). However, in the interest of judicial economy, the Court shall grant Defendant Martinez an opportunity to file a motion for summary judgment addressing the issues raised in the objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the undersigned finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed August 9, 2012, is adopted in full;

2. Defendants' motion for summary judgment, filed March 5, 2012, is GRANTED IN PART AND DENIED IN PART as follows:

   a. Defendants Moreno and Rodriguez motion for summary judgment on the excessive force claim is GRANTED;

   b. Defendant Razo's motion for summary judgment on the excessive force and deliberate indifference claims is GRANTED;

   c. Defendant Olmus and Moreno's motion for summary judgment on the deliberate indifference claim is GRANTED;

   d. Defendant Martinez motion for summary judgment on the deliberate indifference claim and on the ground of qualified immunity is DENIED;

3. This action shall proceed on the complaint, filed December 10, 2009, against Defendant Martinez for deliberate indifference in violation of the Eighth

Amendment; and

4. Within thirty days from the date of service of this order Defendant Martinez may file a motion for summary judgment.

IT IS SO ORDERED.

**Dated:   September 26, 2012**                    /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE